

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
~~ATTORNEY GENERAL~~

Honorable W. K. McClain
Criminal District Attorney
Georgetown, Texas

Dear Sir:

Opinion No. 0-2949
Re: Does the State have the right
under the law to pay out of county
witnesses in the trial of an of-
fense as defined by Article 1157
of the Penal Code?

Your letter of recent date requesting our opinion upon
the above stated question has been received. For factual back
ground of your request we quote the following portions of your
letter:

"The constable of this County was indicted by
the Grand Jury for an offense as defined by
Article 1157 of the Penal Code. . . .

"In order for the State to successfully
prosecute this case it will be necessary to sum-
mons witnesses outside of Williamson County.

"QUESTION

"Does the State have the right, under the
law, to pay out of county witnesses in the trial
of the above offense?"

Article 1157 of the Penal Code reads:

"Any sheriff, deputy sheriff, constable,
deputy, constable, Texas Ranger, city marshall,
chief of policeman, or any other officer having
under his arrest or in his custody any person
as a prisoner who shall torture, torment or pun-
ish such person by inflicting upon him any physi-
cal or mental pain for the purpose of making
or attempting to make such person confess to
any knowledge of the commission of an offense
against the laws of this State, shall be fined
not less than $1.00 nor more than $1,000 or
be imprisoned in jail not to exceed one year,

or both such fine and imprisonment, and in
addition thereto the jury may state in its
verdict that the defendant should never there-
after be allowed to hold any office of profit
or trust under the laws of this State, or any
subdivision thereof, nor any city or town
thereof. Should the jury so state in its
verdict, the court trying said case shall ren-
der judgment in accordance with said verdict
and thereafter the defendant shall forever be
barred from holding any such office."

Article 47 of the Penal Code reads:

"An offense is an act or omission forbidden
by positive law, and to which is annexed, on con-
viction, any punishment prescribed in this Code.
An offense which may -- not must -- be punishable
by death or by confinement in the penitentiary
is a felony; every other offense is a misdemeanor.
Felonies are either capital or not capital. An
offense for which the highest penalty is death
is a capital felony. Offenses are divided into
felonies and misdemeanors."

It is clear from reading Articles 47 and 1157 of the
Penal Code, supra, that the offense defined by said Article
1157, supra, is a misdemeanor. Furthermore, the caption of
Senate Bill No. 8, Chapter 129 of the Acts of 1923, 38th
Legislature, page 269 (Article 1157, Penal Code), provides
that a violation of said article shall be a misdemeanor.

Article 5, Section 8, of the Constitution of Texas,
which fixes the original jurisdiction of cases involving
official misconduct in the District Court, reads in part:

"The District Court shall have original
jurisdiction in all criminal cases of the grade
of a felony; . . . of all misdemeanors involv-
ing official misconduct; . . . . "

The Court of Criminal Appeals of Texas in the case of
Simpson v. State, 137 S.W. (2d) 1035, held that violations of
Article 1157 of the Penal Code constitute "official misconduct",
and that such violations come within the exclusive original jur-
isdiction of the District Court.

Article 1036, Code of Criminal Procedure, authorizes
and provides for compensation of any witness who may have
been recognized, subpoenaed, attached and given bond for his

appearance before any court or before any Grand Jury, out of the county of his residence to testify in a felony case, and who appears in compliance with the obligations of such recognizance or bond; this statute further provides witness fees to be allowed only to such witnesses as may have been summoned on the sworn written application of the State's attorney or the defendant or his attorney as provided in Article 463, Code of Criminal Procedure, which sworn application must be made at the time of the procuring of the subpoena, attachment for, or recognizance of, the witness.

Article 1036, Code of Criminal Procedure, supra, applies only to out of county witnesses in felony cases before the District Courts and has no application as to witnesses in misdemeanor cases in the District Courts.

After a thorough search of the Statutes, we are unable to find any authority for the State compensating witnesses in misdemeanor cases of the character with which we are here concerned.

Trusting that the foregoing disposes of your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/D. Burle Daviss
D. Burle Daviss
Assistant

DBD:CO:wc

APPROVED JAN 4, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman